## IN RE DURBON.

CONSTITUTIONAL LAW— *Prosecution by information.*—The provision of the Constitution relating to prosecution by information is not self-executing, and in the absence of legislation defining the procedure, a trial and conviction upon information is without process of law. (*State* v. *Ah Jim*, 9 Mont. 167, affirmed.)

Original proceeding. Habeas corpus.

*S. A. Balliet*, for Petitioner.

*Henri J. Haskell*, Attorney-General, for the State.

DE WITT, J.— On December 18, 1889, the petitioner was convicted of the felony of burglary, in the Eighth Judicial District Court in and for Fergus County. He was sentenced to imprisonment in the penitentiary, from which he now seeks

a discharge, on the ground that he was presented and tried on information, and not by indictment. These facts appear by the return upon the writ of *certiorari* issued in aid of the writ of habeas corpus.

The State was admitted to the Union November 8, 1889, on which date the Constitution went into effect. The Constitution provides that "all criminal actions in the District Court, except those on appeal, shall be prosecuted by information after examination and commitment by a magistrate, or after leave granted by the court, or shall be prosecuted by indictment without such examination or commitment, or without such leavè of the court." There are further provisions as to the constitution of the grand jury. At the time the case before us was tried, the legislature of the State had not met, and there was no legislation in aid of the Constitution in any manner defining the procedure by information, which procedure, as set forth in the Constitution, was unknown in the criminal practice of the late Territory.

It is a matter of common knowledge, that difference of opinion existed among the district judges and the profession, as to whether the provisions in regard to information were self-executing, or whether they required legislation. In this transition period the case now before us appears to have been tried. Afterwards, on January 14, 1890, the case of *State* v. *Ah Jim*, 9 Mont. 167, was decided in this court, in which it was held that a prosecution by information for a felony could not be had, until legislation had set in motion the provisions of the Constitution. It follows that the petitioner was, therefore, not tried by process of law; that his imprisonment under the commitment before us is illegal, and that he must be discharged.

It appears by statement of counsel for the State, assented to by petitioner's counsel, that petitioner is confined in the penitentiary, also, upon another commitment, upon a sentence on conviction for an offense other than the one set forth in the petition and return. It is ordered that he be discharged from imprisonment under the commitment in the case before us, but that this discharge shall in no way affect his imprisonment upon any commitment not before this court on this petition.

Blake, C. J., and Harwood, J., concur.